# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

Soileau

versus

US Dept of Health & Human
Services

Civil Action No. 17-00526

Unassigned District Judge

Magistrate Judge Carol B. Whitehurst

## ORDER

Before the Court is a Motion For Summary Judgment filed by Defendant the

United States of America for the United States Department of Health & Human

Services ("the United States") [Rec. Doc 14], a Memorandum in Opposition filed by

Plaintiff, Christy Soileau, individually and on behalf of Kristopher Ashton Steward

Soileau, [Rec. Doc. 20] and the United States Reply thereto [Rec. Doc. 25]. For the

reasons that follow, the Court will deny the Motion as moot.

### *Background*

Citing Plaintiff's allegations in the Complaint, the United States contends that

Plaintiff's minor child, Kristopher Ashton Stewart Soileau ("Soileau"), was born on

March 5, 2013. After birth, Soileau was treated by Dr. Suzanne Foster ("Dr. Foster"),

a pediatrician employed by the Southwest Louisiana Center for Health Services

("Southwest") in Lafayette, Louisiana. *R. 1*. Plaintiff asserts liability against the

Defendant, alleging a failure to timely diagnose Soileau with Malignant Infantile

Osteopetrosis (sometimes referred to as "MIOP" or "Osteopetrosis") during the

period he was treated at Southwest by Dr. Foster—March 5 – April 1, 2013. *Id.*

Plaintiff alleges that Defendant failed to properly and adequately supervise its employees' judgments, medical opinions, treatment plan, care being provided and to ensure proper diagnosis of Soileau's medical condition; abandoned the care of Soileau; failed to notice or acknowledge that the care of Soileau was abandoned; failed to inform Plaintiff of Soileau's condition, and failed to follow or adhere to the standard of care of a physician similarly situated which constitutes negligence. *Id.* As a result of these alleged breaches of the standard of care, Plaintiff alleges she and Soileau have suffered damages, past, present and future. *Id.*

The medical records indicate that Dr. Foster initially saw Soileau on March 5, 2013, after he was born at Women's and Children's Hospital in Lafayette, Louisiana, and followed him while he remained in the hospital after birth. Soileau was released from the hospital to home on March 8, 2013. At that time, Plaintiff was instructed to schedule a follow-up visit for Soileau with Dr. Foster at Southwest within one to two weeks.

Dr. Foster next saw Soileau at Southwest on March 13, 2013. On that date, Plaintiff reported that Soileau was taking the bottle well, had numerous dirty diapers and was congested. At the conclusion of the visit, Dr. Foster diagnosed Soileau with rhinitis (congestion) but noted he was otherwise healthy. Instructions were given to schedule a follow-up visit two weeks later. *R. 14-5, Ex. 2, Southwest Medical*

*Records, SWLA 001 – SWLA 005.*

Soileau returned to see Dr. Foster at Southwest on March 19, 2013. Plaintiff related that Soileau was treated at the Emergency Department ("ED") at Women's and Children's Hospital on March 17, 2013, for vomiting and the flu. Plaintiff made no mention to Dr. Foster that radiographs of Soileau's abdomen were taken which showed "gaseous distention of the stomach and diffusely radiodense bones" or that the radiologist recommended a skeletal survey upon considering Osteopetrosis. *R. 25-1, pp. 3-4; R. 14-5, Ex. 2, SWLA 006 – SWLA 009*. A copy of the radiologist's report was sent to Dr. Foster, but had not yet been received by her. *Id.*

Soileau's last visit with Dr. Foster was April 3, 2013, when he was four weeks old. The visit was a well-child checkup. The only complaints from the Plaintiff concerned abdominal pain. Dr. Foster did not review the results from the ED visit on March 17, 2013. Plaintiff made no mention of the possible Osteopetrosis and the March 17, 2013 radiology report was not discussed. Though Plaintiff had scheduled the next visit with Dr. Foster on May 8, 2013, Soileau did not show for that appointment. When contacted on May 9, 2013 about rescheduling so that Soileau could be seen by Dr. Foster, Southwest was informed by Plaintiff that Soileau was changing physicians and would no longer be seeing Dr. Foster.

On April 18, 2013, Soileau began seeing another pediatrician, Dr. Alfredo Lebron-Berges. There is no evidence that Dr. Lebron-Berges requested Southwest's

chart and no evidence that the plaintiff provided those records to Lebron-Berges. *R. 14-5, SWLA 011 - 014, SWLA 021, SWLA 027*; *R. 14-6, medical records of Dr. Lebron-Berges, Pediatric Group of Acadiana, LLC*.

Plaintiff filed this action against the Department of Health & Human Services on April 12, 2017, asserting a medical malpractice action under the FTCA in connection with the medical treatment Soileau received at Southwest by Dr. Foster. *R. 1*. Specifically, she alleged that Defendant failed to properly and adequately supervise its employees' judgments, medical opinions, treatment plan, care being provided and ensure proper diagnosis of Soileau's medical condition; that Defendant abandoned the care of Soileau; failed to notice or acknowledge that the care of Soileau was abandoned; failed to inform Plaintiff of Soileau's condition, and failed to follow or adhere to the standard of care of a physician similarly situated which constitutes negligence. *R. 1, ¶9*. As a result of these alleged breaches of the standard of care, Plaintiff alleges that she and Soileau have suffered damages, past, present and future. *Id*.

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the

non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable substantive law in the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Minter v. Great American Ins. Co. of New York*, 423 F.3d 460,465 (5th Cir.2005). A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir.2008), *citing Anderson* at 252. The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir.2007), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact. *Washburn* at 508. If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim. *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir.2008), *citing Celotex* at 325. The motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *Condrey v. Sun Trust Bank of Georgia*, 431 F.3d 191, 197 (5th Cir.2005).

*Analysis*

In its motion for summary judgment, Defendant argues that Plaintiff has not provided an expert report substantiating any of the claims in this matter and is well past the February 20, 2018 deadline to do so in accordance with this Court's Scheduling Order.[1] *R. 8*. Defendant's Statement of Uncontested Facts, *R. 14-2*, provides as follows:

> 1. The Plaintiff's claims against the United States sound in negligence, and more particularly, medical malpractice;
>
> 2. The Plaintiff has not designated an expert witness to testify as to the appropriate standard of care and causation in this case;
>
> 3. The Plaintiff has not designated an expert witness to support the specific allegations of medical malpractice.

As indicated by the foregoing statement of facts, Defendant's motion did not address the merits of Plaintiff's action, and instead relied on Plaintiff's failure to retain a medical malpractice expert.

The record indicates that, following the filing of the instant motion, counsel for Plaintiff filed a motion for extension of the deadline to submit an expert report as well as the time to file a response to the motion for summary judgment. *R. 17,*

---

[1] Defendant further contends that Plaintiff admitted in discovery that she needs an expert to prove her claims, but has not retained one and does not intend to abide by this Court's Scheduling Order. *R. 14-3*.

Plaintiff's motion was granted on April 4, 2018, *R. 19*. On May 9, 2018, Plaintiff filed a memorandum in opposition to the motion which included an Affidavit of her expert, Nicholas Danna, III, M.D., a licensed physician practicing in Louisiana for the past 39 years. *R. 20-4*. Defendant filed a reply which included a report from its expert witness, Jaime Estrada, MD, Pediatric Hematology and Oncology Expert Witness.

In its reply to Plaintiff's expert's Declaration, Defendant attempts to add to its motion for summary judgment issues based on the merits of the case by referring to a May 16, 2018 report and May 17, 2018 Declaration by its expert witness, Jaime Estrada, M.D., stating that Plaintiff cannot prove causation in this case. *R. 25-1*. While Defendant cites Louisiana Revised Statute 9:2794 which sets forth the burden of proof imposed on the Plaintiff to establish his malpractice claim, Defendant makes no argument what-so-ever as to the specific circumstances in this case. [2]

The Court finds that, based on Defendant's motion for summary judgment, this case is not in a posture to litigate the merits by summary judgment. Thus, in light of Plaintiff's retention of an expert witness the Court will deny Defendant's motion as moot without prejudice to the Defendant's right to reurge its motion when

---

[2] The Court notes that the record does not reveal whether (1) any of Plaintiff's claims have been or should be presented to a medical review panel; (2) the applicable prescriptive/preemptive period has been met; (3) Plaintiff's claims against Defendant for alleged negligence wrongdoing are sufficient to invoke the provisions of the state malpractice act.

Defendant deems appropriate. Accordingly,

**IT IS ORDERED** that the Motion For Summary Judgment filed by Defendant, the United States of America for the United States Department of Health & Human Services, [Rec. Doc 14] is **DENIED AS MOOT**, without prejudice to Defendant's right to reurge either a motion to dismiss or motion for summary judgment when deemed appropriate.

**THUS DONE AND SIGNED** this 1st day of June, 2018.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**